## Commonwealth v. Hess et al.

*Agresti & Agresti,* for petitioners.

*Wilbur R. Seabrook,* for respondent.

*Burton R. Laub,* district attorney, for Commonwealth.

EVANS, J., June 18, 1945.—This matter is before us on a petition for a writ of habeas corpus, filed for the purpose of securing the release of the applicants from the Erie County Jail, where the petition alleges the parties are restrained under criminal charges for which there is no basis in fact or law.

The question of jurisdiction was raised by the court at the time the petition was presented, and the circumstances were such that counsel for all parties interested agreed that the merits of the case should be considered by the court at this time. A hearing was held and considerable testimony was taken. A later examination of the order prepared by counsel and attached to the petition showed that a hearing was fixed but no writ of habeas corpus actually was ordered and issued.

At the hearing it was also shown that defendants were arrested and brought before W. Wallace Lee, Justice of the Peace, at Waterford, Erie County, Pa., on the charge that they "did falsely and maliciously and feloniously conspire or agree to charge or indict Karl E. Morrison or procure him to be charged or indicted in the Court of Oyer and Terminer of Erie County, Pa., of the crime of sodomy". At the same time and before the same justice of the peace, information was made by Leon A. Morrison charging defendant Charles Powell with robbery alleged to have been committed on or about July 20, 1942, at a cottage owned by prosecutor at Indian Head, Erie County, Pa. Defendants appeared, gave bail bond and were released.

We therefore conclude that at this time we have no authority to finally adjudicate the rights of the parties under the present record and admitted facts. However, inasmuch as counsel for all parties interested expressed the desire to have the merits of this prosecution determined in order to save a lengthy and costly hearing before the justice of the peace, we deem it advisable to comment upon the matter for such purposes as may be served.

A conspiracy exists when two or more persons conspire or agree falsely and maliciously to charge any other person or procure him to be charged or indicted in any court of criminal jurisdiction. The testimony at the hearing shows that the parents individually, and in the interests of their own children, consulted the district attorney who, after his own investigation, determined that there should be a prosecution; and the testimony also shows that the information was made by the assistant county detective. A conviction followed. Under such evidence alone there could be no conviction on this charge that any conspiracy existed.

To support the charge of robbery it was shown that some boys took a boat from a boat house and, after using it a short time, abandoned it nearby. Burglary

is the breaking and entering of a building for the purpose of committing a felony therein. The only felony which could have been contemplated would have been the larceny of the boat, and the testimony discloses no such intent. It was definitely a trespass for which there was a civil liability. And, at the time of the alleged offense, which took place over three years ago, prosecutor himself regarded it as a civil matter and accepted settlement for damages suffered.

As stated above, however, we make these comments only for the purpose of indicating the conclusions we would be required to reach if this matter were before us with a record which would permit an effective and binding decree.

And now, to wit, June 18, 1945, for the above reasons, the prayer of the petition for a writ of habeas corpus is refused.